IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WESTERN RESERVE LOGISTICS GROUP LLC, | CASE NO. 5:24-CV-02102-CAB |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO UNITED STATES DISTRICT JUDGE |
| v. | MAGISTRATE JUDGE JENNIFER DOWDELL ARMSTRONG |
| TREND BEAUTY CORPORATION, *et al.*, | |
| Defendants. | **MEMORANDUM OPINION AND ORDER TO SHOW CAUSE** |

## I. INTRODUCTION

This matter is before me on Defendant/Third-Party Plaintiff Trend Beauty Corporation's ("Trend Beauty") motion to compel discovery responses from Defendant LV Express, LLC ("LV Express") pursuant to Federal Rules of Civil Procedure 16 and 37 and Local Rules 16 and 37.1. (ECF No. 46). For the reasons set forth below, Trend Beauty's motion to compel is GRANTED. Additionally, within 10 days of the date of this order, LV Express shall file a written response showing cause as to why I should not recommend the imposition of sanctions, up to and including entry of a default judgment against it, for LV Express' failure to respond to discovery and failure to attend a discovery conference.

## II. PROCEDURAL HISTORY

Plaintiff Western Reserve Logistics Group LLC ("Western Reserve") sued Trend Beauty, LV Express, and several John Does, seeking declaratory and monetary relief. (ECF No. 1). Western Reserve alleges that it contracted with LV Express to carry cargo for Trend

1

Beauty, but that LV Express impermissibly subcontracted the work to other carriers, resulting in damage to the cargo.

On February 21, 2025, LV Express filed its answer to Trend Beauty's complaint and a third-party complaint for contribution and indemnification against third-party defendants Gerson's Trucking, LLC and Bodhi Tranz Inc. (ECF No. 18). On the same day, Trend Beauty filed its answer to the complaint, which included counterclaims against Western Reserve and crossclaims against LV Express. (ECF No. 19).

On October 28, 2025, the Court referred the matter to me to resolve a discovery dispute after Trend Beauty submitted a letter to the Court asserting that LV Express had failed to fully respond to Trend Beauty's interrogatories and requests for production. (ECF No. 43; *see also* ECF non-document entry dated October 29, 2025).

On October 31, 2025, pursuant to my order, LV Express' counsel filed a response to Trend Beauty's letter. (ECF No. 44). In the response, LV Express' counsel stated that he "agrees that the discovery responses of LV Express served on October 3, 2025 are deficient." *Id*. at PageID # 315. Counsel also stated that the responses were deficient because he had been unable to communicate with his client for over five months. Counsel further stated that LV Express' insurance carrier retained a private investigator, who determined that LV Express' phones had been disconnected and that LV Express had moved out of its business address. In light of the communication difficulties, LV Express' counsel advised that he would be unable to supplement LV Express' discovery responses to correct the deficiencies.

On November 12, 2025, I held a Zoom discovery hearing, at which LV Express' corporate representative failed to appear. (*See* ECF non-document entry dated November 12, 2025). During the hearing, LV Express' counsel detailed the multiple, unsuccessful efforts he

2

had undertaken to locate and communicate with his client. Trend Beauty informed me that it intended to file a motion to compel and to request sanctions, which I authorized.

On November 19, 2025, Trend Beauty filed the present motion to compel. (ECF No. 46). In addition to requesting that I compel LV Express to provide complete responses to its requests for production and interrogatories, Trend Beauty seeks to recover its fees and expenses incurred in attending the November 12, 2025 hearing and in bringing the present motion. Trend Beauty further asks that I order LV Express to show cause regarding its failure to participate in discovery and its failure to appear at the November 12, 2025 discovery conference. Finally, Trend Beauty requests that, if LV Express fails to provide complete responses to discovery or to respond to the requested show cause order, LV Express be held in contempt and subject to sanctions, including entry of a default judgment.

On November 21, 2025, LV Express filed its response to Trend Beauty's motion. (ECF No. 47). In the response, LV Express' counsel conceded that LV Express' discovery responses were deficient because of his inability to communicate with LV Express. Counsel further stated that those communication difficulties persist and that he is unable to provide a substantive response to Trend Beauty's motion.

### III. LAW & ANALYSIS

#### A. Trend Beauty's Motion to Compel

Federal Rule of Civil Procedure 37(a) provides that a party may move to compel responses to discovery, including answers to interrogatories and production of documents. Fed. R. Civ. P. 37(a)(1)-(3). The party moving to compel "bears the burden of demonstrating [the] relevance" of the requested discovery. *White v. City of Cleveland*, 417 F. Supp. 3d 896, 902 (N.D. 2019) (quoting *CSX Transp., Inc. v. Columbus Downtown Dev. Corp.*, No. 2:16-cv-557, 2019 WL 1760069, at *4 (S.D. Ohio Apr. 22, 2019)). If the moving party

demonstrates that the requested material is relevant, "the burden shifts to the non-movant to show that to produce the information would be unduly burdensome." *Id*. Courts have broad discretion in overseeing the scope of discovery and ruling on motions to compel. *See James v. Cuyahoga County*, 648 F. Supp. 3d 897, 903-04 (N.D. Ohio 2022).

Trend Beauty argues that LV Express failed to provide complete responses to numerous interrogatories and requests for production. In response, counsel for LV Express concedes that LV Express' discovery requests are deficient, and states that the deficiencies are the result of LV Express' total failure to respond to counsel. My own review of LV Express' discovery responses confirms that they are deficient. LV Express is ordered to provide complete responses to Trend Beauty's requests for production and interrogatories within 10 days of the date of this order.

### B. Trend Beauty's Motion for Sanctions and an Order to Show Cause

Trend Beauty also seeks sanctions under Rules 16(f) and 37(b) for LV Express' failure to respond to discovery and failure to attend the November 12, 2025 discovery conference, along with an order to show cause as to why further sanctions, including entry of a default judgment against LV Express, should not be imposed.

Rule 37(b) provides that if a party fails to obey an order to provide or permit discovery, the court may impose sanctions, including, but not limited to, striking pleadings, rendering a default judgment, or holding a party in contempt. Fed. R. Civ. P. 37(b)(2)(A). Rule 37(a)(5)(A) further provides that, if a party prevails on a motion to compel, the court must order the nonmoving party or their counsel to pay the movant's reasonable expenses, including attorneys' fees, unless the nondisclosure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A).

Rule 16(f)(1) provides in relevant part that a court may issue any just order, including

imposition of any appropriate sanctions under Rule 37(b)(2)(A), if a party or its attorney fails to appear at a scheduling or other pretrial conference. Fed. R. Civ. P. 16(f)(1). Rule 16(f)(2) further provides that a court may alternatively or additionally order the party to pay the reasonable expenses, including attorneys' fees, resulting from the party's noncompliance unless the party's noncompliance was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 16(f)(2).

Beginning with Trend Beauty's request for attorneys' fees and costs, I find that LV Express' failure to comply with its discovery obligations was not substantially justified. "Conduct is 'substantially justified' if it raises an issue about which there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.'" *NPF Franchising, LLC v. SY Dawgs, LLC*, 37 F.4th 369, 381-82 (6th Cir. 2022) (quoting *Doe v. Lexington-Fayette Urb. Cnty. Gov't*, 407 F.3d 744, 766 (6th Cir. 2005)). Here, LV Express has not raised any issues about which there is a genuine dispute, but has instead stopped participating in the litigation altogether. Nor are there any other circumstances that would make an award of expenses unjust. Trend Beauty is therefore entitled to recover its fees and costs in connection with filing the present motion and in connection with its attendance at the November 12, 2025 discovery hearing.[1]

I also agree with Trend Beauty that additional sanctions may be appropriate. LV Express' conduct—which its own attorney attests to—demonstrates a troubling lack of respect for the Court, the other parties to the case, and its obligations under the Federal Rules.

---

[1] Trend Beauty does not request sanctions against LV Express' counsel. To the contrary, Trend Beauty expressly states that sanctions against LV Express' counsel are not appropriate because LV Express' counsel has made good faith efforts to communicate with his client and his been forthcoming with the parties and the Court regarding counsel's communication difficulties. I agree. Sanctions against LV Express' counsel are not appropriate. Instead, LV Express shall be solely responsible for Trend Beauty's reasonable fees and expenses.

5

Accordingly, within 10 days of the date hereof, LV Express is ordered to file a response to this order showing cause why I should not recommend that the Court impose additional sanctions against it under Rules 16(f) and 37(b)(2)(A). LV Express is expressly cautioned that failure to comply with my order compelling it to provide complete responses to Trend Beauty's discovery requests will impact my recommendation. LV Express is further cautioned that, should it fail to provide complete responses to Trend Beauty's discovery requests or to respond to this show cause order, potential recommended sanctions may include entry of a default judgment against LV Express or other appropriate sanctions.

## IV. CONCLUSION

For the foregoing reasons, Trend Beauty's motion to compel is GRANTED. Within 10 days of the date of this order, LV Express shall provide complete responses to Trend Beauty's requests for production and interrogatories. Trend Beauty's motion for reasonable expenses and attorneys' fees incurred in bringing the present motion and attending the November 12, 2025 discovery conference is also GRANTED. Finally, within 10 days of the date hereof, LV Express shall file a response to this order showing cause as to why I should not recommend the imposition of additional sanctions against LV Express for its failure to participate in discovery and its failure to attend the November 12, 2025 discovery conference. LV Express is on notice that, if it fails to provide complete responses to Trend Beauty's discovery requests in compliance with this order, or if it fails to respond to the show cause order, such sanctions may include a recommendation that the Court enter a default judgment against LV Express.

**IT IS SO ORDERED.**

Dated: December 10, 2025
/s *Jennifer Dowdell Armstrong*
Jennifer Dowdell Armstrong
U.S. Magistrate Judge