**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **WESTERN RESERVE LOGISTICS** | ) | **CASE NO. 5:24CV2102** |
| **GROUP, LLC.,** | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **TREND BEAUTY CORP., ET AL.,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendants.** | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the unopposed Motion for Partial Summary Judgment (ECF # 58) by Plaintiff Western Reserve Logistics Group, LLC.  The Motion seeks judgment on Count V of Western Reserve's Complaint against Defendant LV Express, LLC for Indemnification.  For the following reasons, the Court grants the Motion.

On December 3, 2024, Plaintiff Western Reserve Logistics Group, LLC. filed its Complaint with the Court.  The action is brought by Western Reserve as a freight broker who executed a freight transport agreement with interstate shipper LV Express.  Western Reserve also named as Defendants Trend Beauty and five John Doe third party shippers.  At issue is whether the contract conferred sole liability on LV Express for any losses  arising from the shipment of property brokered by Western Reserve.

According to the Complaint, Defendant Trend Beauty entered into a Rate Authorization Agreement with Western Reserve on July 26, 2024, to have its property shipped from California

to Florida in exchange for $6,100.  Western Reserve then entered into a Broker Carrier

Agreement ("BCA") with LV Express to ship Trend Beauty's property.  Western Reserve alleges

that LV Express violated the BCA by assigning their transport duties to third parties who

damaged Trend Beauty's property during the course of the move.  Trend Beauty has refused to

remit payment per its agreement and has instead demanded $52,199 for damage to its property.

This Motion concerns Western Reserve's claim for Indemnification against LV Express for any

damages Trend Beauty incurred as a result of the transportation of its property.

Defendant LV Express asserted a Third Party Complaint against Third Party Defendants

Gerson's Trucking LLC and Bodhi Tranz Inc. for Contribution and Indemnification arising from

its retention of Bodhi and Gerson to ship Trend Beauty's property.  It subsequently dismissed

Gerson and obtained a default judgment against Bodhi.

Defendant Trend Beauty filed a Counter Claim against Western Reserve for Declaratory

Judgment that its Breach of Contract claim is not preempted by the Carmack Amendment, a

Map-21 claim against Western Reserve for failing to ensure LV Express did not re-broker the

shipping agreement to a third party and Breach of Contract against Western Reserve for losses

due to shipping breach.  It further asserts a cross claim against LV Express for a Map 21

violation, Breach of Contract for shipping losses or, in the alternative, a Carmack Amendment

violation, Negligence and Conversion claims.

Subsequently, Trend Beauty and Western Reserve resolved all claims and counterclaims

against each other.

**Western Reserve's Motion**

According to Western Reserve, Section 13 of the BCA between Western Reserve and LV

Express expressly prohibited LV Express from subcontracting or re-brokering the shipment to a third party without the written consent of Western Reserve.  That same section confers on Western Reserve the right to recover for all liabilities incurred due to a breach by LV Express. Section 15 of the BCA requires LV Express to indemnify Western Reserve for all losses it may incur, including reasonable attorney fees due to LV Express's breach.

LV Express did breach the BCA by subcontracting the shipment of Trend Beauty's property to Bodhi Transport and Gerson's Trucking, LLC.  LV Express admitted this when it filed its Third Party Complaint for damages as a result of Bodhi and Gerson's transportation of Trend Beauty's property. (See ECF# 18, ¶ 4).  Moreover, LV Express obtained a default judgment against Bodhi for damages resulting from Bodhi's transportation of Trend Beauty's property which LV Express contracted with Western Reserve to transport.   Philip Berthelot, President of Western Reserve, provides a Declaration wherein he declares that Western Reserve never gave LV Express permission to subcontract its shipping responsibilities for Trend Beauty's property to a third party carrier.  Based on the express terms of the BCA, LV Express's representations in its Third Party Complaint, the Berthelot Declaration and LV Express's Default Judgment against Bodhi, Western Reserve argues summary judgment on its Indemnification claim is warranted.

LV Express has not opposed Western Reserve's Motion.

## LAW AND ANALYSIS

### Standard of Review

Summary judgment shall be granted only if  "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See*

Fed. R. Civ. P. 56(a). The burden is on the moving party to conclusively show no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy. Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). The moving party must either point to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *See* Fed. R. Civ. P. 56(c)(1)(A), (B). A court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim. *Celotex*, 477 U.S. at 324; *Lansing Dairy*, 39 F.3d at 1347.

This Court does not have the responsibility to search the record *sua sponte* for genuine issues of material fact. *Betkerur v. Aultman Hospital Ass 'n.*, 78 F.3d 1079, 1087 (6th Cir. 1996); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404-06 (6th Cir. 1992). The burden falls upon the nonmoving party to "designate specific facts or evidence in dispute," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); and if the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."

*Amway Distributors Benefits Ass 'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

"However, 'even where a motion for summary judgment is unopposed, a district court must review carefully the portions of the record submitted by the moving party to determine whether a genuine dispute of material fact exists.'" *Material Scis. Corp. v. Am. Roll Formed Prods. Corp.,* No. 1:19-CV-1738, 2020 WL 821488, at *1 (N.D. Ohio Feb. 18, 2020) quoting *ETC v. E.M.A. Nationwide, Inc.,* 767 F.3d 611, 630 (6th Cir. 2014). "Even when a party offers no timely response to a motion for summary judgment, a district court cannot 'use that as a reason for granting summary judgment without first examining all the materials properly before it under Rule 56(c).'" *Material Scis.* at *1, quoting *Smith v. Hudson,* 600 F.2d 60, 65 (6th Cir. 1979).

There is no genuine issue of material fact that LV Express transferred its moving obligations to Bodhi and Gerson as reflected in its own Third Party Complaint and failure to oppose Western Reserve's Motion.  Moreover, the BCA expressly prohibited LV Express from subcontracting out its shipping obligations.  (ECF # 1-1,¶ 13)).  Lastly, the BCA provides that LV Express will be liable to Western Reserve for any breaches of the BCA and further provides that LV Express will indemnify Western Reserve for any damages Western Reserve incurs due to LV Express's breach.  (ECF # 1-1 ¶'s 13, 15).  It provides that LV Express will be liable to Western Reserve for costs and damages, including reasonable attorney fees, due to LV's breach.

As a result of the undisputed facts and evidence, the Court grants summary judgment for Western Reserve and against LV Express on Count V of Western Reserve's Complaint.  Western Reserve is entitled to recover any amounts it expended in settling Trend's claims; any losses that

Western Reserve suffered from Trend's non-payment under the Rate Authorization; and all reasonable attorney fees that Western Reserve has incurred and continues to incur.  The Court orders Western Reserve to submit its evidence of damages, supported by affidavit(s)/declaration(s), to the Court no later than July 17, 2026.

**IT IS SO ORDERED.**

**DATE: 6/18/2026**          s/Christopher A. Boyko
                            **JUDGE CHRISTOPHER A. BOYKO**
                            **UNITED STATES DISTRICT COURT**