**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **WESTERN RESERVE LOGISTICS GROUP, LLC.,** | ) | **CASE NO. 5:24CV2102** |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| **vs.** | ) | **DEFAULT JUDGMENT** |
| **TREND BEAUTY CORP., ET AL.,** | ) | |
| **Defendants.** | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the unopposed Motion for Default Judgment (ECF # 59) by Defendant/Crossclaim Plaintiff Trend Beauty Corporation against Crossclaim Defendant LV Express, LLC.  The Motion seeks Default Judgment against LV Express on Trend Beauty's Crossclaims for a MAP-21 Violation, Breach of Contract, Violation of the Carmack Amendment, Conversion and Negligence.  For the following reasons, the Court grants the Motion  and orders Trend Beauty to file evidence of damages within fourteen days of the entry of this order.

**Background Facts**

On December 3, 2024, Plaintiff Western Reserve Logistics Group, LLC. filed its Complaint with the Court.  The action is brought by Western Reserve as a freight broker who executed a freight transport agreement with interstate shipper LV Express.  Western Reserve also named as Defendants Trend Beauty and five John Doe third party shippers.  At issue is whether the contract conferred sole liability on LV Express for any losses arising from the shipment of property brokered by Western Reserve.

According to the Complaint, Defendant Trend Beauty entered into a Rate Authorization

Agreement with Western Reserve on July 26, 2024, to have its property shipped from California to Florida in exchange for $6,100.  Western Reserve then entered into a Broker Carrier Agreement ("BCA") with LV Express to ship Trend Beauty's property.  Western Reserve alleges that LV Express violated the BCA by assigning their transport duties to third parties who damaged Trend Beauty's property during the course of the move.  Trend Beauty has refused to remit payment per its agreement and has instead demanded $52,199 for damage to its property.  This Motion concerns Western Reserve's claim for Indemnification against LV Express for any damages Trend Beauty incurred as a result of the transportation of its property.

Defendant LV Express asserted a Third Party Complaint against Third Party Defendants Gerson's Trucking LLC and Bodhi Tranz Inc. for Contribution and Indemnification arising from its retention of Bodhi and Gerson to ship Trend Beauty's property.  It subsequently dismissed Gerson and obtained a default judgment against Bodhi.

Defendant Trend Beauty filed a Counter Claim against Western Reserve for Declaratory Judgment that its Breach of Contract claim is not preempted by the Carmack Amendment, a Map-21 claim against Western Reserve for failing to ensure LV Express did not re-broker the shipping agreement to a third party and Breach of Contract against Western Reserve for losses due to shipping breach.  It further asserts a cross claim against LV Express for a Map 21 violation, Breach of Contract for shipping losses or, in the alternative, a Carmack Amendment violation, Negligence and Conversion claims.

Subsequently, Trend Beauty and Western Reserve resolved all claims and counterclaims against each other.

**Trend Beauty's Motion for Default Judgment**

Trend Beauty filed its Crossclaim against LV Express on February 21, 2025, and on March 6, 2025, LV Express filed its Answer to the same.  At a May 20, 2025 Case Management Conference, the Court set fact discovery cut-off for October 20, 2025.  On October 28, 2025, Trend Beauty notified the Court that LV Express had not fully responded to discovery requests.  The Court referred the matter to the Magistrate Judge.  The Magistrate Judge set a Zoom conference for November 12, 2025.  Counsel for LV Express appeared but his client representative did not.  Counsel for LV Express represented to the Court that his client had stopped communicating with him.  On November 19, 2025, Trend Beauty filed a Motion to Compel, asking the Court to order LV Express to respond to the outstanding discovery requests or issue sanctions.  The Magistrate Judge granted the Motion and ordered LV Express to show cause why sanctions, including default judgment, should not be entered for its failure to respond to discovery.  In response, LV Express's counsel admitted Trend Beauty was owed discovery responses and that the ones provided were inadequate, and informed the Court he could not show good cause, as his client failed to communicate with him despite his hiring of a private investigator to locate his client.  Consequently, he could not comply with the Court's Show Cause Order on Trend's Motion to Compel.

This Court subsequently granted the parties an extension of the discovery schedule and the Magistrate Judge termed the referral without ordering any sanctions against LV Express.  The Court then granted LV Express's counsel's Motion to Withdraw.

Defendant Trend Beauty now moves the Court for Default Judgment against LV Express for failure to provide discovery despite being ordered to do so and despite being warned by the Magistrate Judge that default judgment may be issued for continued failures.

## LAW AND ANALYSIS

Default Judgment is expressly permitted under FRCP 37 for failure to comply with Court orders and reads:

(2) Sanctions Sought in the District Where the Action Is Pending.

> (A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders.
>
> They may include the following:
>
>> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>>
>> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>>
>> (iii) striking pleadings in whole or in part;
>>
>> (iv) staying further proceedings until the order is obeyed;
>>
>> (v) dismissing the action or proceeding in whole or in part;
>>
>> (vi) rendering a default judgment against the disobedient party; or
>>
>> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Dismissal or default judgment as a discovery sanction is generally assessed using four factors identified by the Sixth Circuit in *Regional Refuse Sys. v. Inland Reclamation Co.,* 842 F.2d 150, 154 (6th Cir.1988), and reaffirmed by the same in *United States v. Reyes,* 307 F.3d 451 (6th Cir.2002).  These four factors include:  "(1) whether the party's failure is due to willfulness,

4

bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Id.* at 458. See also *In re Taylor,* 370 B.R. 122, 129 (E.D. Mich. 2007).

Considering the Motion for Default in light of the above factors supports default judgment. Willfulness is supported by LV Express's own counsel's representations that his client went dark on him to the point where he represented to the Magistrate Judge that he hired a private investigator to try to contact them, but to no avail. Trend represents it has been prejudiced in pursuing its claims as it has not been provided discovery and the case is now over a year and a half old. The Magistrate Judge expressly warned LV Express it faced default judgment if it failed to show cause why it had not produced discovery. Finally, LV Express has clearly and intentionally withdrawn all participation in the case. Therefore, a lesser sanction would be of little utility.

Therefore, the Court grants, in part, the unopposed Motion for Default Judgment as a sanction for LV Express's failure to provide discovery, failure to show good cause for its noncompliance with the Magistrate Judge's Order and failure to participate in this action. The Court orders Trend Beauty to submit evidence of its damages, including costs and attorneys' fees resulting from LV Express's discovery failures no later than July 23, 2026. LV Express shall file its opposition to Trend Beauty's evidence of damages no later than August 6, 2026.

IT IS SO ORDERED.

DATE: 7/09/2026         s/Christopher A. Boyko
                   JUDGE CHRISTOPHER A. BOYKO
                   UNITED STATES DISTRICT COURT